**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| AMUN-INFINITE: BEY, | ) CASE NO. 1:26-cv-794 |
| | ) |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE SOUTH EUCLID | ) **MEMORANDUM OPINION AND** |
| POLICE OFFICERS, *et al.*, | ) **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

*Pro se* Plaintiff, identifying himself as "Amun-Infinite: Bey," has filed a civil rights complaint against John Doe South Euclid Police Officers 1-3 and John/Jane Doe Cuyahoga Correctional Officers 1-5 which asserts a single Fourteenth Amendment excessive force claim. (ECF No. 1).  Plaintiff did not pay the filing fee; instead, he filed an application to proceed *in forma pauperis* ("IFP Motion").  (ECF No. 2).

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  Pauper status does not require absolute destitution.  *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).  Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship. *Foster*, 21 F. App'x at 240.  It is within the Court's discretion to allow a litigant to proceed *in forma pauperis* ("IFP").  *Id.*  Proceeding IFP is a privilege, and not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  It is the applicant's burden to demonstrate qualification for IFP status.

1

In determining eligibility to proceed IFP, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess.  *See Jones v. Vital & FNR N. Am.*, No. 24-cv-1612, 2024 U.S. Dist. LEXIS 181411, 2024 WL 4416857, at *1 (N.D. Ohio Oct. 4, 2024) (citing *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 U.S. Dist. LEXIS 21055, 2006 WL 1030284, at *1 (E.D. Pa. Apr.18, 2006)).  In addition to salary from employment, federal courts have considered disability income in assessing whether an applicant can pay court costs without undue hardship.  *See, e.g.*, *Whatley v. Astrue*, 2011 U.S. Dist. LEXIS 128563, 2011 WL 5222908, at * 1–2 (N.D.N.Y. Oct. 14, 2011); *Hearn v. Comm'r of Soc. Sec. Disability Admin.*, 2007 U.S. Dist. LEXIS 75308, 2007 WL 2972542, at *1 (D.N.J. Oct. 10, 2007). Assets include equity in real estate and automobiles.  *See Levet v. Comm'r of SSA*, 2014 U.S. Dist. LEXIS 96078, 2014 WL 3508893, at *1 (N.D. Ohio July 15, 2014); *Ciavarella v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 136441, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013). In addition, federal courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 U.S. Dist. LEXIS 10149, 2010 WL 502781, at *1, n. 1 (D. Minn. Feb. 5, 2010). See also *Crochran Through Shields v. Columbus City Schs*, No. 15-cv-632, 2017 U.S. Dist. LEXIS 235763, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017); *Reynolds v. Crawford*, 2009 U.S. Dist. LEXIS 111619, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009).

After reviewing Plaintiff's IFP Motion (ECF No. 2), the Court finds that he did not make a sincere attempt to fully and accurately complete his application.  Despite clear instructions on the Court's application that an applicant should complete all questions and "not leave any blanks," Plaintiff failed to respond in any way to nearly all questions on his application pertaining to his

financial circumstances.  His application on its face indicates that he has absolutely no income or assets of any kind.  He provides no information regarding his employment and employment history, and he fails to indicate whether he (or a spouse) have any cash or any money in any kind of bank account.  Further, his application on its face represents that he has no specific living expenses of any kind, including for food, clothing, and shelter.  The *only* information he provides on his application is that he has $800 in total living expenses, but he fails to provide any further explanation as to what those expenses are, how he satisfies them, or how he survives with no income or assets from any source.

The Court finds Plaintiff's application both implausible and insufficient to justify allowing him to proceed *in forma pauperis* in this case.  Accordingly, Plaintiff's IFP Motion (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.  All other pending motions are **DENIED AS MOOT**.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $405.00 and then filing a motion to reopen.  The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction.  Furthermore, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio.  The Court does not accept bills of exchange, promissory notes, or other types of "negotiable instruments."

**IT IS SO ORDERED.**

Date: June 18, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

3